UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL CAMPOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>LANDSCAPING BY LEE, LLC and LEE LEGENZOWSKI,<br><br>Defendants. | Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff SAMUEL CAMPOS ("Campos" or "Plaintiff"), individually, and on behalf of all others similarly situated, by and through his attorneys, Fisher Taubenfeld LLP, alleges against Defendant LANDSCAPING BY LEE, LLC ("Landscaping" or the "Corporate Defendant") and LEE LEGENZOWSKI ("Legenzowski")(collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This putative class and collective action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") against Defendants for willfully failing to pay Plaintiff and a collective of similarly situated employees applicable overtime rates.

2. This putative class and collective action also arises under Art. 6 of the New York Labor Law ("NYLL") against Defendants for willfully failing to pay Plaintiff and a class of similarly situated employees applicable overtime rates.

3. This putative class and collective action also arises under Art. 6 of the New York Labor Law ("NYLL") against Defendants for willfully failing to proffer compliant wage notice and wage statements to Plaintiff and a class of similarly situated employees.

1

4. By this action, Plaintiff, individually and on behalf of all others similarly situated, seeks actual and statutory damages, interest, costs, and reasonable attorneys' fees, as well as certification of this action as a class and collective action on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action because it involves a question of federal law, 29 U.S.C. § 201 *et seq.*

6. This Court has supplemental jurisdiction over the state law claims because the state law claims are so related to the claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

8. The Corporate Defendant is a domestic business limited liability company organized and existing under the laws of the State of New York. Upon information and belief, the Corporate Defendant maintained its principal place of business at 8 Lorraine Rd, South Salem, NY 10590.

9. Defendant Legenzowski is an individual who directly or indirectly employed Plaintiff and the class/collective of similarly situated employees within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

10. At all times relevant herein, the Corporate Defendant went by the name Landscape by Lee and has operated a landscaping business.

11. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

12. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

13. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA. In particular, Plaintiff used tools and materials, parts of which originated outside of New York State.

15. Upon information and belief, Defendant Legenzowski resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

16. Defendants are landscaping business and its owner.

17. Defendant Legenzowski has operated Landscaping by Lee for more than 23 years.

18. Upon information and belief Defendant Legenzowski is the principal and officer of the Corporate Defendant.

19. Defendant Legenzowski possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

20. Defendant Legenzowski interviewed and hired Plaintiff and set his rate and method of payment for work performed as a landscaper.

21. Defendant Legenzowski possesses operational control over the Corporate Defendant and its employees through his financial control over the Corporate Defendant.

22. Defendant Legenzowski is engaged in business in the State of New York, County of Suffolk. He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

23. Defendant Legenzowski exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

24. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## PLAINTIFF'S CLAIMS.

25. Plaintiff performed landscaping work for Defendants from 1998 until April 13, 2021.

26. Since 2014, Plaintiff worked for Defendants from Monday through Saturday.

27. Generally, Plaintiff began his work at the Corporate Defendant's shop and began working at 8:00 a.m. at Defendants' garage to pick up supplies.

28. Plaintiff usually worked until 8:00 p.m. or 9:00 p.m.

29. Plaintiff generally did not work full-time from late December until the middle of March because of the cold weather, but he performed some work doing snow removal and other work on a part-time basis.

30. Plaintiff's schedule was also sometimes reduced in July or August.

31. Defendants paid Plaintiff a set hourly rate that did not change no matter how many hours he worked.

32. In 2014, Plaintiff earned $19 an hour.

33. Plaintiff received a raise to $20 an hour in 2017.

34. Plaintiff received another raise to $21 an hour in 2018.

35. Plaintiff received one final raise to $22 an hour in the middle of 2020 and that remained his hourly rate until Defendants terminated his employment in April 2021.

36. At no time during Plaintiff's period of employment did Defendants provide Plaintiff with a NYLL-compliant wage notice or wage statements.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings his First Cause of Action individually and as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who opt-in to this action pursuant to 29 U.S.C. § 216.

38. The collective Plaintiff seeks to represent is defined as all persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case who worked as waterproofing installers and who were not paid the applicable overtime rate for all hours worked over 40 in a given workweek (the "FLSA Class").

39. At all relevant times, Plaintiff and the FLSA Class were similarly situated in that they had substantially similar and/or identical job duties and have been subjected to Defendants' common pay practices, policies, programs, procedures, protocols and plans which resulted in Defendants willfully failing and refusing to pay them the applicable overtime rate for all hours worked over 40 in a given workweek.

40. Upon information and belief, there are at least 50 FLSA Class members.

41. The FLSA Class is readily identifiable and locatable through Defendants' records.

42. In this action, Plaintiff will seek permission to send notice of this instant action to the FLSA Class to permit them an opportunity to opt-in to this action pursuant to 29 U.S.C § 216.

43. Annexed hereto as **Exhibit 1** is Plaintiff's consent to sue form pursuant to 29 U.S.C. § 216.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings his Second and Third Causes of Action individually and as a class action under Fed. R. Civ. P. 23 on behalf of all similarly situated persons.

45. The class Plaintiff seeks to represent is defined as all persons who are or were employed by Defendants or any of them, on or after the date that is six years before the filing of the complaint in this case (plus the extra days tolled by the Executive Orders issued by Government Andrew Cuomo) who worked as landscapers or performing similar duties and who were not paid the applicable overtime rate for all hours worked over 40 in a given workweek and who were not provided with NYLL-compliant wage notice or wage statement due to Defendants' common policy or practice of failing to pay the applicable overtime rates for all hours worked over 40 in a given workweek (the "NYLL Class").

46. Upon information and belief, the NYLL Class consists of not less than 50 persons.

47. There are questions of law and fact common to the NYLL Class which predominate over any questions affecting only individual members, including whether Defendants failed to pay Plaintiff and the NYLL Class the applicable overtime rate for all hours worked over 40 in a given workweek, whether an exception to the NYLL overtime provision applies given the job duties of the Plaintiff and the NYLL Class, whether the Defendants proffered NYLL-compliant wage notices and wage statements to Plaintiff and the NYLL Class, and whether Defendants acts and omissions were willful or in reckless disregard of the law.

48. The claims of Plaintiff are typical of the claims of the NYLL Class in that the Plaintiff and all of the members of the NYLL Class have been similarly affected by the acts and practices of Defendants and the Plaintiff and the NYLL Class performed the same job duties.

49. Plaintiff will fairly and adequately protect the interests of the members of the NYLL Class because his interests are in line with and not adverse to the interests of other members of the class.

50. Plaintiff has retained counsel that is experienced in the area of wage and hour law and class action litigation.

51. Bringing these claims as class action rather than as 50 or more individual actions is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

## FIRST CAUSE OF ACTION
**Overtime Wage Violations under the Fair Labor Standards Act of 1938**

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. During the applicable statute of limitations period, Plaintiff and the FLSA Class regularly worked more than 40 hours in a given work week for Defendants.

54. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the FLSA Class wages at the applicable overtime rate for all hours worked over 40 in a given work week.

55. As a result, Plaintiff and the FLSA Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by FLSA, as well as such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
**Overtime Wage Violations under Art. 19 of the New York Labor Law**

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. During the applicable statute of limitations period, Plaintiff and the NYLL Class regularly worked more than 40 hours in a given work week for Defendants.

58. During the applicable statute of limitations period, Defendants willfully failed to pay Plaintiff and the NYLL Class wages at the applicable overtime rate for all hours worked over 40 in a given work week in violation of the NYLL.

59. As a result, Plaintiff and the NYLL Class seek actual and statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**Wage Notice and Wage Statement Violations under Art. 6 of the New York Labor Law**

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and the NYLL Class' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

62. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff and the NYLL Class with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

63. Defendants failed to provide Plaintiff and the NYLL Class with a notice or paystub in accordance with §195 of the NYLL.

64. As a result, Plaintiff and the NYLL Class seek statutory damages, interest, costs, and reasonable attorneys' fees as provided by NYLL, as well as such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: September 9, 2021
      New York, New York

                              Respectfully submitted,

By:  *Michael Taubenfeld*
      Michael Taubenfeld, Esq.
      FISHER TAUBENFELD LLP
      225 Broadway, Suite 1700
      New York, New York 10007
      Phone: (212) 571-0700
      Facsimile: (212) 505-2001
      Email: michael@fishertaubenfeld.com
      *ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

## **AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO**

Soy un individuo que fue empleado de LANDSCAPING BY LEE. o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Samuel Campos

NOMBRE



FIRMA

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by LANDSCAPING BY LEE. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

Samuel Campos
NAME

/s/
SIGNATURE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Samuel Campos.

KATHERINE TENEMPAGUAY